

| | THE CITY OF NEW YORK | |
|---|:---:|---:|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | KATHERINE MACFARLANE<br>phone: (212) 788-1001<br>fax: (212) 788-9776<br>email: kmacfarl@law.nyc.gov |

March 13, 2012

**By ECF**
Honorable Carol Bagley Amon
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Lopez et. al. v. City of New York, et. al., 11-CV-2607 (CBA) (RER)</u>

Your Honor:

  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants in this matter. Defendants have no objection to the motion proposed in plaintiffs' March 12, 2012 letter. Defendants, however, respectfully request that the Court first consider defendants' application that the Court vacate, pursuant to Fed. R. Civ. Pro. 60(b), the judgment entered by the Court on February 29, 2012, and instead enter defendants' proposed Order of Judgment Pursuant to Rule 68 (annexed hereto as Exhibit A), which accurately reflects the terms agreed upon by the parties.

### **Rule 68 Offer of Judgment And Subsequent Judgment**

  On December 21, 2011, defendants served a Rule 68 Offer of Judgment (the "Rule 68 Offer") upon plaintiffs' counsel, and offered each plaintiff the opportunity to take a judgment in the amount of $15,001, exclusive of reasonable attorneys' fees and costs. Dock. No. 20-1. On January 4, 2012, plaintiff Hector Lopez accepted the Rule 68 Offer. Dock. No 20. The Clerk entered judgment in favor of Hector Lopez on February 29, 2012. Dock. No. 37.

  On March 8, 2012, before the start of the parties' status conference, I informed plaintiffs' counsel that the judgment entered by the Clerk did not reflect the terms of the Rule 68 Offer, which expressly requires that any judgment entered as a result of an acceptance of the Rule 68 Offer "shall contain and recite the terms and conditions set forth herein." Docket No. 20-1. I sought plaintiffs' counsel consent to a joint application to vacate the judgment for the sole purpose of entering a judgment consistent with the terms of the parties' agreement. The fact

that the judgment does not comply with the terms of the Rule 68 Offer appears to be no more than a ministerial error. Unfortunately plaintiffs' counsel nevertheless opposes this application.

Before defendants could move to vacate the judgment, and without meeting and conferring, plaintiffs filed their March 12, 2012 request for a pre-motion conference, complicating the Court's ability to address these issues in order. Still, defendants have no objection to staying the date by which plaintiffs must move for fees given that only one of the plaintiffs accepted a Rule 68 Offer. Defendants simply request that the judgment entered by the clerk be vacated. Following receipt of plaintiffs' March 12, 2012 letter, I wrote plaintiffs' counsel in an attempt to avoid further motion practice regarding the judgment, explaining that:

> So long as plaintiffs consent to defendants' motion to vacate the judgment and enter one in accordance with the terms of the Rule 68 offer, defendants have no opposition to the motion you just filed regarding fees. In an attempt to reduce the amount of motion practice related to the judgment, are you amenable to consenting to entry of a judgment in accordance with the terms of the Rule 68 offer? I'd like to avoid burdening the Court with motions neither side truly opposes. If plaintiffs still oppose defendants' motion to vacate, please let me know the grounds for plaintiffs' objection, and what sort of briefing schedule you would like.

To date, no response has been received.

### The February 29, 2012 Judgment Should Be Vacated

Plaintiff's acceptance created a settlement under the terms of the Offer of Judgment, and any judgment endorsed and entered by the Court must reflect the terms of the Rule 68 Offer of Judgment. Jolly v. Coughlin, 92-CV-9026 (JGK), 1999 U.S. Dist. LEXIS 349 (S.D.N.Y. Jan. 19, 1999) ("Offers of judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles."); see also Docket No. 31 in Siler v. City of New York, 08-CV-8359 (S.D.N.Y. April 29 2009) (adopting defendants' proposed form of judgment because it recited "all of the terms of the Offer of Judgment") (annexed hereto as Exhibit B). Insofar as the February 29, 2012 judgment does not incorporate the terms of the Rule 68 Offer, defendants respectfully request that this Court vacate the judgment and substitute defendant's proposed Order of Judgment Pursuant to Rule 68, which reflects the terms of the Rule 68 Offer.

Defendants thank the Court for its time and consideration of this request.

Respectfully submitted,

/s/

Katherine Macfarlane

cc: Michael Lumer     By ECF
    *Attorneys for Plaintiffs*