UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

HECTOR LOPEZ, et al.,

      Plaintiffs,

   -against-         11 CV 2607 (CBA) (RER)

THE CITY OF NEW YORK, et al.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEGAL FEES, COSTS AND EXPENSES


REIBMAN & WEINER

Attorneys for Plaintiff Hector Lopez

26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743


*Of Counsel*:
Michael B. Lumer, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
HECTOR LOPEZ, et al.,

                         Plaintiffs,

          -against-                              11 CV 2607 (CBA) (RER)

THE CITY OF NEW YORK, et al.,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X X


## Preliminary Statement

          This case concerns allegations by the plaintiff that he was falsely arrested and

imprisoned by police officers on March 1, 2010.  On December 21, 2011, defendant City of

New York served an offer of judgment on plaintiff pursuant to Fed. R. Civ. P. 68 in the

amount of $15,001, plus reasonable attorney's fees, expenses and costs to the date of the

offer.  Plaintiff accepted the offer of judgment on January 4, 2012, and filed his notice of

acceptance that day.  the same day.  *See* Docket entry of January 4, 2012, Document 20.

          Plaintiff now moves for an award of attorney's fees, expenses and costs in the

amount of $26,352.50, pursuant to Fed. R. Civ. P. 54 and the express terms of the

defendant's offer of judgment.

**ARGUMENT**

**POINT I**

**THE FEES, COSTS AND EXPENSES SOUGHT ARE REASONABLE AND SHOULD BE AWARDED IN THEIR ENTIRETY**

A.  <u>Legal Standard</u>

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see, e.g.*, *Rodriguez v. Pressler & Pressler, LLP*, 06 CV 5103 (BMC), 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009); *Torres v. City of New York*, No. 07 Civ. 3473 (GEL), 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008); *Wise v. Kelly*, No. 05 Civ. 5442 (SAS) (THK), 2008 WL 482399 (S.D.N.Y. Feb. 21, 2008).  In a recent decision, *Perdue v. Kenny A.*, the Supreme Court reiterated that the lodestar method is "the guiding light of our fee-shifting jurisprudence."  130 S. Ct. 1662, 1672 (2010) (internal quotes and citations omitted).  The Court further noted that this method was "readily administrable" and "objective"; and that "there is a strong presumption' that the lodestar figure is reasonable." *Id.* at 1673.

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006), quoting *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).  The relevant "community" from which this rate should be derived is "the district in which the court sits." *Polk v. New York*

3

*State Dep't of Corr. Servs.,* 722 F.2d 23, 25 (2d Cir. 1983).  Courts may rely upon its own

knowledge of private firm hourly rates in deciding what reasonable rates are in the

community.  *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d

Cir. 1987).

   The plaintiff is entitled to recover his legal fees based on an evaluation of the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate.  In this case, both counsel's rate and the amount of time spent on the litigation are

reasonable, and thus plaintiff should be permitted to recover the full amount sought.


B.  <u>The Fees and Costs Sought are Reasonable</u>

   In August 2011, the Hon. Brian M. Cogan ruled that the undersigned counsel's

hourly rate of $425 was reasonable and in accordance with the rates of other attorneys of

similar experience who practice in this district.  *Blount v. City of New York*, 11 CV 124 (BMC).

The Court's decision, grounded in citations to controlling authority, referenced counsel's

lengthy experience and able performance in multiple actions before the Court, and framed

the rate in the context of current hourly rates.  This holding, which the City of New York did

not oppose nor appeal, was consistent with rates awarded throughout the district. *See, e.g.,*

*Luca v. County of Nassau*, 698 F. Supp. 2d 296 (E.D.N.Y. 2010); *Morgenstern v. County of Nassau*,

04 CV 58 (ARL), U.S. Dist. 116602 (E.D.N.Y. Dec. 15, 2009); *Rodriguez v. Pressler & Pressler,*

*LLP*, 06 CV 5103 (BMC), 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009).

   The 61.7 hours expended by counsel are also reasonable.  The underlying case

4

involves two sets of arrests by the same officers at the same location but at different times based on different charges.  Every step of the litigation has been contested, including the simple issuance of a protective order, which actually ended in motion practice (and a decision in plaintiff's favor).

As reflected in counsel's time records, counsel annexed as Exhibit 1 to the accompanying Declaration of Michael Lumer, there was no excessive or unnecessary expenditures of time.  While there was a lot of back and forth between counsel, and submissions to the Court, every effort was made to work efficiently and quickly.  This is borne out by the time records, which demonstrate a reasonable allocation of time to the various tasks at hand.

The request is not rendered any less reasonable because of its proportionality to the award.  Preliminarily, the figures are not disproportional, even if they do not neatly fit into a  First, it was the defendant's decision to wait to issue the offer of judgment.  In light of the time allocated in the Court's case management schedule, the parties were compelled to perform a significant amount of work in a relatively short period of time.  The defendant understood that it was producing hundreds of pages of documents, including medical records and transcripts, and that plaintiff's counsel would have to immediately review and digest these records.  Having waited to make its offer, defendant City of New York cannot complain that plaintiff's counsel labored over the case in the interim.  Or, to put it differently, the offer of judgment was a contractual offering made by the City with the understanding that the defendant would be liable for all reasonable fees accrued as of the

time of the offer.

Moreover, the Supreme Court has rejected a "rule of proportionality", *i.e.,* mechanistically linking the prevailing plaintiff's legal fees to the amount of damages a civil rights plaintiff actually recovers. *See City of Riverside v. Rivera*, 477 U.S. 561, 574-575 (1986) ("Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief."). The Second Circuit has more recently held, "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005).

Finally, the Court should award plaintiff $130 in costs. The filing fee of $350 and is a critical and unavoidable cost in the case, without which there would be no action, and the $40 spent for service of process on defendant Merizalde was similarly necessary and well within the normal range of such costs. As the Hon. Joanna Seybert recently held, "[c]osts are ordinarily recoverable where they are 'incidental and necessary to the litigation.;" *Capone v. Patchogue-Medford Union Free Sch. Dist.*, 04 CV 2947, 2011 U.S. Dist. LEXIS 18194 at 14 (E.D.N.Y. Feb. 23, 2011), quoting, *Tips Exports, Inc. v. Music Mahal, Inc.*, 01 CV 5412, 2007 U.S. Dist. LEXIS 84399, at *11 (E.D.N.Y. Mar. 27, 2007). Moreover, Judge Seybert found, "[t]hese costs routinely include filing fees, process servers, postage, travel, and photocopying." *Id.; See also, Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*, 553 F. Supp. 2d 201, 210-11 (E.D.N.Y. 2008) (reviewing numerous cases in which courts

held that attorneys have a right to recover the costs of filing, service of process, photocopying, travel, postage, and express mail).

## CONCLUSION

For the foregoing reasons, the Court should award plaintiff the entirety of the legal fees requested, in the amount of $26,222.50, as well as costs in the amount of $130, for a total award of $26,352.50.

Dated: Brooklyn, New York
        March 14, 2012

                                REIBMAN & WEINER
                                Attorneys for Plaintiffs

                                s/
                        By:     _____
                                Michael B. Lumer (ML-1947)
                                26 Court Street, Suite 1808
                                Brooklyn, New York 11242
                                (718) 522-1743

To:     Barry Myrvold, ACC
        Katherine Macfarlane, ACC

7