UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

HECTOR LOPEZ, et al.,

                            Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

                          Defendants.

-----------------------------------------------------------x

FILED

MAR 15 2012

1:11-cv-02607-CBA-RER

**ORDER OF JUDGMENT PURSUANT TO RULE 68**

      **WHEREAS,** plaintiffs Brenda Concepcion, Consuelo Perez and Hector Lopez ("plaintiffs") commenced this action by filing a complaint on or about February 13, 2011, alleging that defendants violated plaintiffs' federal civil and state common law rights; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

      **WHEREAS,** on December 21, 2011, pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant City made plaintiffs an Offer of Judgment; and

      **WHEREAS,** on January 4, 2012, plaintiff Hector Lopez accepted defendant City's offer;

      **NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

      1.    Pursuant to Rule 68 of the Federal Rules of Civil Procedure, plaintiff Hector Lopez ("plaintiff") will take a judgment against The City of New York in this action for the total sum of Fifteen Thousand One ($15,001.00) Dollars, plus reasonable attorneys' fees, expenses and costs to December 21, 2011 for plaintiff's federal claims.

2. This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of the City or any official, employee, or agent, either past or present, of the City, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

3. This judgment is not to be construed as an admission of liability by any defendant, or any official, employee or agent of the City, or any agency thereof; nor is it an admission that plaintiffs have suffered any damages.

4. Acceptance of this offer of judgment acted to release and discharge the City; its successors or assigns; and all past and present officials, employees, representatives and agents of the City, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff in the above-referenced action.

5. By accepting the offer of judgment, plaintiff waived plaintiff's rights to any claim for interest on the amount of the judgment.

6. By accepting the offer of judgment, plaintiff agreed that the aforesaid payments within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment, unless plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide payment in full or in part. If plaintiff is a Medicare recipient who received medical treatment in connection with the claims in this case, the ninety (90) day period for payment shall start to run from the date

plaintiff submits to Counsel for Defendants a final demand letter from Medicare.

7. By accepting the offer of judgment, plaintiff agreed to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as secondary payer and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26. Plaintiff further agreed to hold harmless defendants, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: Brooklyn, New York
March 14, 2012

s/CBA

HON. CAROL B. AMON

- 3 -