

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KATHERINE MACFARLANE**
phone: (212) 788-1001
fax: (212) 788-9776
email: kmacfarl@law.nyc.gov

March 20, 2012

**By ECF**
Honorable Carol Bagley Amon
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Lopez et. al. v. City of New York, et al.</u>, 11-CV-2607 (CBA) (RER)

Your Honor:

   I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants in this matter. I write in opposition to plaintiffs' March 19, 2012 motion in which plaintiffs ask the Court to lift the stay for Lopez's legal fees motion, and to vacate the pre-motion conference scheduled by the Court for April 19, 2012. Unfortunately defendants were not permitted to meet and confer regarding these latest requests. In addition, contrary to plaintiffs' representations, defendants' position regarding the stay is not moot, and defendants respectfully request that the stay remain in place at least until the Court addresses the motion at its April 19, 2012 pre-motion conference.

1.  **<u>Plaintiffs Failed to Meet and Confer Regarding A Stay of Their Attorneys' Fees Motion And Adjournment of the Pre-Motion Conference</u>**

   The Court's Individual Motion Practices are clear: to request an adjournment, a party must also state its opponent's position regarding that adjournment. Plaintiffs never sought defendants' permission regarding their request for an adjournment of the pre-motion conference, even though the parties met yesterday for purposes of a deposition. Plaintiffs also failed to contact defendants regarding a briefing schedule, as required by the Court's Individual Motion Practices.

   This is plaintiff's fifth failure to follow the Court's practices with respect to meeting and conferring, a tactic which causes delay by creating additional, unnecessary responsive filings, and also robs defendants of any notice of plaintiffs' motions. On January 12, 2012, I addressed plaintiffs' failure to meet and confer regarding two prior extensions of briefing

schedules, and explained that plaintiffs' representations regarding their efforts to reach defendants' counsel were misleading. See Docket No. 22. On February 16, 2012, defendants again pointed out plaintiffs' failure to meet and confer before filing a discovery motion to compel depositions (depositions which defendants merely sought to stay, as opposed to prevent). See Docket No. 32. On March 13, 2012, defendants highlighted plaintiffs' failure to meet and confer in advance of their motion for attorneys' fees, which unilaterally set a response date for defendants' opposition instead of conferring on a schedule with defendants. See Docket No. 39.

Plaintiffs' rush to motion practice in violation of the Court's rules forces the filing of letters that might otherwise be avoided had the parties met and conferred with respect to simple issues like briefing schedules. It also forces the Court to address several letters, when, had the parties met and conferred, it would only need to address one letter regarding the parties' positions. Plaintiffs' practice of filing motion after motion without meeting and conferring wastes the Court's time.

**2. Plaintiffs Have Misrepresented Defendants' Position Regarding Whether the Attorneys' Fees Motion Should Be Stayed**

On March 12, 2012, plaintiffs moved to stay the due date of plaintiff Lopez's "motion for fees and costs to a date to be determined at the requested pre-motion conference." Docket No. 38. Though plaintiffs did not meet and confer with defendants on this issue, defendants nevertheless consented, explaining that "defendants have no objection to staying the date by which plaintiffs must move for fees given that only one of the plaintiffs accepted a Rule 68 Offer." Docket No. 39 at 2. However, defendants' consent was both professional courtesy and something more: defendants consented to the stay because *defendants* need additional time to file an opposition to plaintiffs' motion. Defendants also supported plaintiffs' request for a stay due to the fact that the parties are in the midst of discovery, and an attorneys' fees motion will only detract from that primary work. In addition, plaintiffs' motion is not well-suited to adjudication while this matter is ongoing. Defendants may need to inquire, for example, which portions of plaintiffs' fees are attributable to which plaintiff--plaintiffs have aggregated fees for all three plaintiffs in their fee application even though plaintiffs' counsel is only entitled to recover fees for Lopez's representation. Yet justifying those fees may require counsel to reveal privileged matters. Arguably, each aspect of the fees motion, including the opposition, should be delayed at least until the end of discovery. Defendants planned to request a schedule that takes into account the difficulties posed by plaintiffs' fees motion at the April 19, 2012 pre-motion conference.

Plaintiffs' March 19, 2012 motion misrepresents defendants' position on plaintiffs' fees motion despite several emails between counsel on this very topic. On March 13, I asked plaintiffs' counsel to meet and confer regarding the fees motion, stating that "I'd like to stay any further briefing until the end of discovery." See Exhibit A. That same day, plaintiffs' counsel responded that he was amenable to discussing the motion. See Exhibit B. In response, I again explained that "[a]t this stage I simply want to stay our opposition until the end of discovery so that we can try to hammer out fees on our own in the interim." See Exhibit C.

- 3 -

On March 16, 2012, this Court stayed the date by which plaintiffs' motion was to be filed. As a result, the date by which defendants' opposition is due is also stayed. The Court's order obviated the need for a meet and confer on the briefing schedule with respect to plaintiffs' fees motion. The fees motion was not discussed at any time while the parties' counsel were both present in the same room yesterday.

Yet despite plaintiffs' knowledge that defendants sought to stay the fees motion in order to permit time to meet and confer, and that they wanted to stay the motion through at least the end of discovery, plaintiffs' letter of March 19 represents that any decision regarding a stay of plaintiffs' motion is "moot." This statement blatantly misrepresents the parties' communications. As a result, upon reading plaintiffs' letter, I asked plaintiffs' counsel to call me in order to resolve any misunderstandings. I suggested that the parties "put in a joint filing to withdraw your last letter and explain where both sides stand." See Exhibit D. The response to that request explained that since plaintiffs' request is moot, there is no need for a stay. This response does nothing to address my concern that the Court was misinformed regarding defendants' position. Once again, one-sided motion practice by plaintiffs has forced defendants into filing unnecessary letters to explain their position, when a joint submission would have resolved the issue in a much more efficient fashion. Proceeding in the manner plaintiffs have forced upon defendants not only violates the Court's Individual Motion Practices, but also benefits plaintiffs at defendants' expense.

Therefore, defendants respectfully request that the Court maintain the stay, which is needed in order to postpone adjudication of plaintiffs' fees motion until at least April 19, 2012, the date set by the Court for a pre-motion conference on this issue. Defendants would also appreciate the opportunity to appear before the Court at a pre-motion conference in order to address plaintiff's motion.

I thank the Court for its time and consideration of this submission.

Respectfully submitted,

/s/

Katherine Macfarlane

cc: Michael Lumer          By ECF
      *Attorneys for Plaintiffs*