UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HECTOR LOPEZ, BRENDA
CONCEPCION, and CONSUELO PEREZ,

                Plaintiffs,

       -against-

THE CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------------X

**SUMMARY ORDER**

11-CV-2607 (CBA) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

      Before the Court is defendants' motion to reconsider the Court's May 23, 2012 Order precluding defendants "from offering at trial any witnesses not specifically disclosed to date." (*See* Dkt. Entry dated 5/23/12.) Because defendants initially did not have the opportunity to submit written opposition to the Plaintiffs' motion, I will reconsider the May 23rd Order. Upon reconsideration, however, the May 23rd Order remains in effect for two reasons.

      First, defendants are incorrect that the plain language of Rule 37 bars the relief afforded in the Court's May 23rd Order. (*Id.* at 2.) Indeed, just the opposite is true. The Court has the ultimate discretion on whether to preclude witnesses from testifying at trial pursuant to Rule 37(c)(1). That discretion is not, as defendants argue, dependent on an aggrieved party first (1) identifying the discovery that was never supplemented and (2) moving to compel before seeking preclusion, and (3) the court first issuing an order directing the noncomplying party to disclose the requested material. (Dkt. No. 66 at 2.)

      Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), that party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Of course, Rule 26(a)(1)(A) obligates a party, "*without awaiting a discovery request,*" to disclose the identities of any witnesses "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses. . ." (Emphasis added). Rule 26(e)(1) obligates a party to supplement its Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The combined purpose of these Rules is to avoid surprise or trial by ambush. *E.g., Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 911 F. Supp. 76, 79-80 (E.D.N.Y. 1996). Moreover, the "sanction" of preclusion in Rule 37 for failing to disclose witnesses as required by Rules 26(a) and 26(e)(1) is "self-executing" and "automatic":

> The revision provides a *self-executing sanction* for failure to make a disclosure required by Rule 26(a), *without need for a motion* [to compel]. Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This *automatic sanction* provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or on a motion, such as one under Rule 56.

Fed.R.Civ.P. 37 Advisory Committee Notes to 1993 Amendments (emphasis added). Nothing in Rules 26(a), 26(e)(1), or 37(c)(1), requires the three-step approach advocated by defendants – identification of discovery not supplemented, a motion to compel, and then a court order directing production – before an order of preclusion can be issued at the Court's discretion.

Second, and perhaps most importantly, the May 23rd Order does not prejudice defendants. Critically, the defendants have stated repeatedly that they will not "call any witnesses other than

those identified in their disclosures." (Dkt. No. 66 at n.1; see also Dkt. No. 65 at 17:15-19 ("We have no intention of calling anyone that wasn't identified in our Rule 26 disclosures at trial. We're well aware of our obligations under Rule 26 and the consequences under Rule 37.") If that is true, than the May 23rd Order does not harm them in any way whatsoever.

Further, if, as defendants argue in their reply, they have disclosed all witnesses with knowledge about the facts and circumstances surrounding the plaintiffs' arrests and "it is abundantly clear that defendants have nothing to hide" (Dkt. No. 69 at 1), there is very little risk of Judge Amon issuing a missing witness charge to the jury. In any event, nothing in the May 23rd Order would preclude defendants from petitioning Judge Amon to permit additional witnesses to testify should they be discovered and disclosed between now and the trial. If there is "substantial justification" for the failure to disclose to date, or the failure is "harmless," Judge Amon would surely permit those witnesses to testify. Fed. R. Civ. P. 37(c)(1). What Rule 37 clearly prohibits, however, is for defendants to knowingly fail to disclose percipient witnesses in violation of their obligations under Rule 26(a) and (e)(1), and then seek to have those witnesses testify at trial.

**Dated: Brooklyn, New York**
       **June 15, 2012**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**